```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/08/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
CESAR TERRERO,                                                          :
                                                                        :
                                    Plaintiff,                          :    14-CV-8129 (JMF)
                                                                        :
            -v-                                                         :    MEMORANDUM OPINION
                                                                        :          AND ORDER
COMPASS GROUP USA, INC.,                                                :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On November 19, 2014, the Court received a letter, advising it that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, had reached a resolution in principle. (Docket No. 21). By Order entered the next day (Docket No. 22), the Court directed the parties to submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Court also directed the parties to address the bases for any attorney's fee award, and for keeping the proposed settlement confidential.

## SETTLEMENT APPROVAL

The Court, having reviewed the parties' joint letter, dated December 4, 2014 (Docket No. 23), and the settlement agreement itself, finds that the settlement is fair and reasonable, given both the nature and scope of Plaintiff's claims as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36 . Although the FLSA places

"strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (alteration in original) (internal quotation marks omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as appears to be the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07 Civ. 3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment"), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010).   (Compl. (Docket No. 1) ¶¶ 14, 16).

## ATTORNEY'S FEES AWARD APPROVAL

The Court finds that the proposed award of attorney's fees, however, is excessive in light of the factors set out in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In particular, this action involves a relatively straightforward wage and hour dispute arising under the FLSA and NYLL.  Although the case was styled as a collective action, Plaintiff never filed a motion for certification of a collective or a class action, and notices regarding FLSA claims were not distributed to other employees.  In addition, the parties reached a settlement (at least in principle) approximately four months after Plaintiff filed the Complaint; "[w]here . . . the parties reach a tentative settlement relatively shortly after the filing of an action, a reduction in the attorney fees awarded is appropriate." *Guzman v. Joesons Auto Parts*, No. 11 Civ. 4543 (ETB), 2013 WL 2898154, at *3 (E.D.N.Y. June 13, 2013) (internal quotation marks omitted).

Further, the size of the requested fee in relation to the total settlement — 50% — is especially high.  To begin with, judicially approved fees in this Circuit typically range between 30% and 33⅓%.  *See id*. at *4 (collecting cases).  Indeed, courts in this Circuit have reduced attorney's fee awards in FLSA collective action cases at least in part because the proposed awards exceeded that range.  *See, e.g.*, *id.* (citing cases in reducing a fee award from 40% of the settlement fund to 25% as to one plaintiff and 20% as to another settling party); *cf. Mendez v. Radec Corp*., 907 F.Supp.2d 353, 358-59 (W.D.N.Y.2012) (discussing proportionality of settlements to fee requests and reducing attorney's fees in part on that basis).  In addition, courts in this Circuit have found fees in FLSA cases of 20 percent or less of the total settlement to be "reasonable and consistent with fees granted in other class actions." *Ayers v. SGS Control Servs., Inc.*, Nos. 03 Civ. 9078 (RMB) et al., 2008 WL 4185813, at *8 (S.D.N.Y. Sept. 9, 2008).  Although Plaintiff's counsel's lodestar — $6,791.55 — is higher than the fee requested, "the mere fact that application of the lodestar method supports a larger percentage fee is insufficient to justify either the application of the [lodestar] method or the award of a higher fee."  *Guzman*, 2013 WL 2898154, at *5 (internal quotation marks and citation omitted).

Accordingly, the Court finds that the requested attorney's fee contemplated in the proposed settlement excessive, and reduces the fee award to 30% of the settlement, or $3,000.  The difference between the proposed attorney's fee award and the reduced attorney's fee award shall be distributed to Plaintiff.

## CONFIDENTIALITY OF SETTLEMENT AGREEMENT

Finally, the Court finds that there is no basis to keep the settlement confidential in light of the common law right of access to judicial documents.  *See Wolinsk*y, 900 F. Supp. 2d. at 337-40 (explaining the common law right of public access as it relates to settlement agreements in FLSA

cases).  As the parties indicated in their joint letter they would agree to the settlement agreement even if the Court rejected the confidentiality provisions of the settlement, the settlement is still approved and is attached as Exhibit A to this Order.

The Clerk of the Court is directed to close this case.  All pending motions are moot.

SO ORDERED.

Date:  December 8, 2014
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Cesar Terrero and Compass Group USA, Inc. ("Compass," collectively, the "Parties").

WHEREAS, on or about July 11, 2014, Mr. Terrero ("Plaintiff") filed a collective action complaint (Case no. 1:14-cv-04283) in the United States District Court for the Eastern District of New York (the "Action") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York Labor Law; and

WHEREAS, on or about October 7, 2014, the Parties stipulated to transfer venue of the Action to the United States District Court for the Southern District of New York; and

WHEREAS, Compass vigorously denies the allegations asserted in the Action;

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the Parties agree as follows:

1) **Consideration:** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, these payments are issued to Plaintiff in order to dismiss the Action. Compass agrees to pay Plaintiff the total sum of Ten Thousand Dollars and Zero Cents ($10,000.00) inclusive of attorney fees, within thirty (30) calendar days after receipt of: (i) the original version of this Agreement is executed by Plaintiff; (ii) completion of all applicable W-9s are completed and transmittal of same to counsel for Compass; and (iii) a signed stipulation of dismissal, with prejudice. Provided that Plaintiff signs and returns this Agreement as provided in Paragraph 19, payments will be made by Compass in separate checks as follows:

   a) The sum of Five Thousand Dollars and Zero Cents ($5,000.00) as payment for Plaintiff's alleged lost wages, made payable to Plaintiff. Applicable statutory deductions, including state and federal income taxes and Social Security taxes also described in Paragraph 2 below, shall be withheld by Compass from this sum. Compass shall issue a Form W-2 to Plaintiff in connection with this payment.

   b) The sum of Five Thousand Dollars and Zero Cents ($5,000.00) as payment for Plaintiff's attorney's fees and expenses made payable to Jaffe Glenn Law Group, P.A. Compass will issue the appropriate IRS Form(s) 1099 to in connection with this payment.

2) **Withholding on Payments:** Taxes, applicable withholding and authorized or required deductions will be deducted by Compass from the payments to Plaintiff described in Paragraph 1(a), above.

3) **Dismissal of Action:** As a condition of Compass entering into this Agreement and providing the consideration set forth in Paragraph 1 herein, Plaintiff will enter into the stipulation of dismissal, with prejudice, attached hereto as Exhibit A.

4) **General Release of All Claims by Plaintiff:** In exchange for Compass providing the consideration set forth in this Agreement, Plaintiff releases Compass, and its past and/or present parents, subsidiaries, predecessors, successors, assigns and insurers, and its officers, directors, employees and agents (hereinafter collectively referred to as "Defendant Releasees") from any

and all claims Plaintiff may have that may legally be waived by private agreement, known or unknown, including but not limited to those related to his employment and/or separation from employment, from the beginning of time through the date that he signs this Agreement.

Plaintiff understands and agrees that he is releasing Defendant Releasees from any and all claims related to his employment and/or separation from employment that may legally be waived by private agreement, including but not limited to claims for discrimination and/or harassment, or retaliation, in employment on the basis of race, color, creed, religion, age, national origin, alienage or citizenship, gender, sexual orientation, disability, marital status, genetic information, veteran's status and any other protected grounds, including, but not limited to, any and all rights and claims Plaintiff may have arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the New York State Human Rights Law, the New York City Human Rights Law; failure to pay overtime under the Fair Labor Standards Act and/or New York Labor Law, failure to pay spread of hours pay, claims for breach of contract including but not limited to claims for failure to pay promised bonuses, personal injury, wages, benefits, defamation and wrongful discharge, and any and all claims based on any oral or written agreements or promises, whether arising under statute (including, but not limited to, claims arising under the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the New York State Labor Law, the New York State Whistleblower Statute, and any other federal, state or local laws or regulations), contract (express or implied), constitutional provision, common law, public policy, tort or otherwise, from the beginning of time through the date that Plaintiff signs this Agreement.

5) **No Claims Filed:** Plaintiff agrees and covenant not to file any suit, complaint, claim, grievance or demand for arbitration against the Defendant Releasees in any court, administrative agency or other forum with regard to any claim, demand, liability or obligation arising out of his employment with Compass or separation from employment. Plaintiff further represents that other than the Action, no claims, complaints or other proceedings are pending in any court, administrative agency or other forum relating directly or indirectly to his employment with Compass or separation from employment. Plaintiff understands that nothing in this Agreement shall be construed to prohibit him from filing a charge with, or participating in any investigation or proceeding conducted by, the Equal Employment Opportunity Commission, National Labor Relations Board and/or any federal, state or local agency. Notwithstanding the foregoing, Plaintiff hereby waives any and all rights to recover monetary damages in any charge, complaint or lawsuit filed by him or by anyone else on his behalf. Plaintiff further understands that nothing herein shall be construed to prohibit him from raising a challenge regarding Compass's failure to comply with its promises made in this Agreement.

6) **Confidential Information:**

   a) Plaintiff agrees that he shall not willfully or knowingly disclose any confidential information he learned or acquired while employed by Compass. Plaintiff also promises that he shall not use any such Confidential Information to damage Compass, its interests, providers or any other person or entity with whom Compass does business.

   b) By signing below Plaintiff certifies that he has:

      (i) returned to Compass any and all Confidential Information and all other materials or documents belonging to Compass, including the originals and any and all copies thereof, whether in hard copy or electronic form, which were in his possession or under his control, including without limitation Company

2

To:   Page 6 of 8                               2014-12-03 15:26:22 EST                    12015950308 From: Debora Ros

   identification, keys, documents, files, charts, electronic information, reports, mailing lists, rolodexes, equipment, computers, software and hardware, computer print-outs, and computer disks and tapes;

 (ii) not retained any copies of any Confidential Information and/or any other materials, documents or property belonging to Compass or any of its affiliated entities;

 (iii) permanently deleted all Confidential Information from his home(s) and/or personal computer drives and from any other personal electronic, digital or magnetic storage devices; and

 (iv) in connection with his employment with and separation from employment with Compass, retained only papers and other materials of a personal nature, including, but not limited to, personal photographs, personal correspondence, personal diaries, personal calendars, personal rolodexes, personal files, personal phone books, information showing his compensation or relating to the reimbursement of expenses, information he reasonably believe may be needed for tax purposes, and copies of documents and agreements relating to the terms and conditions of his employment with and separation from Compass.

7) **Confidentiality of Agreement:**  Plaintiff agrees that the terms of this Agreement are confidential. Plaintiff agrees not to tell anyone about this Agreement and not to willfully or knowingly disclose any information contained in this Agreement to anyone, other than his lawyer(s), financial advisor(s) or immediate family members, or as required by law. If Plaintiff does tell his lawyer(s), financial advisor(s) or immediate family members about this Agreement or its contents, Plaintiff must immediately tell them that they must keep it confidential as well. Notwithstanding anything herein to the contrary, this paragraph shall not apply: (i) when disclosure of the terms of this Agreement are required by law, legal process, or by any court, arbitrator, mediator, or administrative or legislative body (including any committee thereof) with actual or apparent jurisdiction to order Plaintiff to disclose or make accessible any information, or (ii) with respect to any litigation, arbitration, or mediation involving this Agreement, including, but not limited to, the enforcement of this Agreement.

Notwithstanding anything herein to the contrary, this subsection shall not prohibit Plaintiff from complying with any lawful subpoena or court order or taking any other actions affirmatively required by law, provided that Plaintiff shall, in advance of providing any response to such law, legal process or subpoena, and within five (5) business days of his receipt of such law, legal process or subpoena, or as soon as practicable, provide written notice, by certified mail to Sarah Moss, Esq., of the law firm Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022, such law, legal process or subpoena, such that Compass may seek to assert its rights and interests in connection therewith.

8) **No Negative Statements:**  Plaintiff agrees not to make, directly or indirectly, to any person or entity, including but not limited to Compass's employees, customers, volunteers and/or affiliates or staff thereof, and/or the press, any negative or disparaging oral or written statements about, or do anything which damages, any of the Defendant Releasees, or their services, good will, ability to attract customers, reputation or financial status, or which damages it or them in any of its or their business or customer relationships. Nothing in this paragraph shall preclude Plaintiff from testifying honestly if required by law to testify or respond to discovery in a proceeding.

ε·d

9) **Neutral Reference**: To the extent that Plaintiff requires employment confirmation, he may utilize the services of The Work Number (1-800-367-5690 or www.theworknumber.com). Further information about The Work Number is attached and incorporated herein as Exhibit B.

10) **Future Application/Employment**: Plaintiff agrees not to submit an application for employment with Defendant Releasees at any time in the future. Plaintiff further waives and releases any right to be considered for such employment by Defendant Releasees and agree that any refusal of employment of Plaintiff by Defendant Releasees in the future shall not constitute discrimination or retaliation by any of the Defendant Releasees. The Parties understand and agree, however, that nothing contained in this paragraph shall prohibit Plaintiff from working at any other Compass affiliate nor prohibit Compass, in its sole discretion, from hiring Plaintiff in the future, although Compass is under no obligation whatsoever to hire Plaintiff or consider him for employment.

11) **Breach of Agreement**: Plaintiff acknowledges that Compass would be irreparably injured by a violation by Plaintiff of Paragraphs 7 and 8 of this Agreement, and Plaintiff agrees that in the event of any such breach or threatened breach, Compass shall, in addition to any other remedies available, be entitled to: (i) a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining Plaintiff from any actual or threatened breach of Paragraphs 7 and 8; (ii) recover from Plaintiff all sums paid pursuant to Paragraph 1 of this Agreement, in addition to damages, attorneys' fees and costs incurred by Compass as a result of Plaintiff's breach of this Agreement. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the prevailing part in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

12) **No Admission of Wrongdoing**: By entering into this Agreement, neither Plaintiff nor any of the Defendant Releasees admit any wrongdoing or violation of law.

13) **Interpretation of Agreement**: The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

14) **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

15) **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and an Assistant General Counsel of Compass.

16) **Applicable Law**: This Agreement shall be interpreted, enforced and governed under the laws of the State of New York. Any action arising out of or relating to this Agreement shall be brought in Manhattan in the Supreme Court of the State of New York.

17) **Severability**: In the event any provision of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof, which shall remain in full force and effect to the fullest extent permitted by law.

18) **Waiver by Mr. Terrero**: By signing this Agreement, Mr. Terrero acknowledges that:

4

    a)     He has carefully read, and understands, this Agreement;

    b)     He has had the opportunity to consult with an attorney and/or any other advisors of his choice before signing this Agreement;

    c)     He has consulted with Jodi Jaffe and/or Andrew Glenn of Jaffe Glenn Law Group, P.A., attorneys of his choice, before signing this Agreement;

    d)     He understands that this Agreement is legally binding and by signing it he gives up certain rights;

    e)     He has voluntarily chosen to enter into this Agreement and has not been forced or pressured in any way to sign it;

    f)     He has not relied upon any representation, statement or omission made by any of Compass's agents, attorneys or representatives with regard to the subject matter, basis or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

    g)     He knowingly and voluntarily releases Compass and the Defendant Releasees from any and all claims he may have, known or unknown (except as otherwise provided in this Agreement), in exchange for the benefits he has obtained by signing this Agreement; and

    h)     This Agreement does not waive any rights or claims that may arise after this Agreement is signed.

19) **Return Of Signed Agreement:** Plaintiff must return the signed Agreement to Sarah Moss, Esq., Littler Mendelson, P.C., 900 Third Avenue, 8th Floor, NY, NY 10022 no later than December 4, 2014. If Plaintiff does not return the signed Agreement to Ms. Moss by this date, this Agreement shall be deemed revoked, null, void and of no effect.

20) **Entire Agreement:** This Agreement contains the entire agreement between Plaintiff and Compass, and replaces any prior agreements or understandings between them, whether written or oral.

DATED: 12/4/14

DATED: 3-17-14

COMPASS GROUP USA, INC.

By: _____

_____
CESAR TERRERO

5

ı·d